SAMANTHA V. DUDLEY v. GEORGE T. GILMORE, *as County Clerk of Shawnee County, et al.*

ACTION brought by *Dudley* to enjoin the issuance of a certain tax deed. Trial by the court, at the January Term, 1885, of the district court of Shawnee county, and judgment for defendants. Plaintiff brings the case here. The opinion herein, filed at the July, 1885, session of the court, contains a sufficient statement of the facts.

*W. P. Douthitt,* and *C. M. Foster,* for plaintiff in error.

*J. G. Slonecker,* and *B. R. Wheeler,* for defendants in error.

*Per Curiam:* This action was brought by the plaintiff to enjoin the issuance of a tax deed to the defendant, Mrs. A. H. Sawyer. In the year 1871, the land claimed by the plaintiff was subject to taxation, and she paid the taxes thereon. In May, 1872, the land was wrongfully sold by the county treasurer of Shawnee county, for the taxes of 1871, to Walter B. Beebe, and a certificate of sale issued to him. Beebe paid the taxes on the land for the years 1872, 1873, and 1874, and had

the same indorsed on his certificate. In May, 1875, a deed was issued by the county clerk to Beebe on his certificate of sale issued in May, 1872. Afterward, in May, 1878, the board of county commissioners discovered that the sale of the land in May, 1872, was invalid, and therefore by order set aside the deed and caused the money paid therefor, together with the subsequent taxes, charges and interest, to be refunded to Beebe. In 1878, the county clerk again assessed the land for taxes for the years 1872, 1873, and 1874, and placed the same on the tax-roll. The regular tax for 1878 was paid. In September, 1879, the county treasurer sold the land for the taxes of 1872, 1873, and 1874, and issued tax certificates to the purchaser of the same. These certificates are held by Mrs. A. H. Sawyer.

The payment by Beebe of the taxes of 1872, 1873 and 1874 was upon a mistake of fact, and upon an invalid sale, and therefore they were properly refunded to him, under the statute. (Sec. 146, Comp. Laws, p. 968.) Plaintiff admits that she is the owner of the land; that it was subject to taxation for the years 1872, 1873, and 1874; that it was properly assessed for those years; that she has not paid any part of the taxes, and does not offer to pay the same or any part thereof. The action of injunction is equitable, and the principles of equity will control it. Under the admitted facts, it cannot be said that plaintiff has presented any equitable cause for the interference of the court in her behalf. (*City of Lawrence v. Killam*, 11 Kas. 499; *Challiss v. Comm'rs of Atchison Co.*, 15 id. 49; *Haxton v. Harris*, 19 id. 511; *Knox v. Dunn*, 22 id. 683; *Harris v. Drought*, 24 id. 524; *Belz v. Bird*, 31 id. 139.)

The judgment of the district court will be affirmed.